FEIST & FEIST, A CORPORATION, APPELLANT, v. BLOOMFIELD BANK AND TRUST COMPANY, RESPONDENT.

Submitted February 11, 1938—Decided April 29, 1938.

For the appellant, *Young & Shanley.*

For the respondent, *Boyd & Dodd* (*Ernest F. Keer, Jr.,* of counsel).

The opinion of the court was delivered by

PARKER, J. This is a broker's suit for commissions on the sale of real estate. There was a nonsuit in the trial court, and the sole ground of appeal is the granting of such nonsuit.

The complaint was in two counts: the first, based on a written authority stating the rate of commission; the second counting on an alleged oral agreement followed by written notice to the owner, as contemplated by chapter 273 of the laws of 1918. *Pamph. L., p.* 1020.

We conclude that the nonsuit was right. The written authority is to be found in two letters, which were put in evidence, and appear as schedules to the complaint. The first, from plaintiff to defendant, is dated April 15th, 1935, and the body of the letter is as follows:

"Confirming our various conversations, we have submitted and shown your building at Hoover Avenue (formerly Franklin Avenue) formerly owned by the Sprucolite Corporation to the Progressive Paper Box Company of 341-55 Jeliff Avenue, Newark, represented by Mr. Budde Schiffenhaus, Vice-President, and are now actively negotiating with them for the purchase of this property.

"As stated to you on the occasion of our first visit, our commission in case of a sale will be five per cent. of the purchase price.

"We will keep you fully advised as to our progress in these negotiations."

To which the defendant bank replied, April 17th, 1935:

"We are in receipt of your favor of the 15th instant, and have noted on our records that you have shown the Hoover Avenue property, formerly owned by the Sprucolite Corporation, to the Progressive Paper Box Company of Newark, and that you may succeed in consummating a sale of the property to these parties.

"The commission indicated in your letter will be fully recognized in the event a sale is effected."

It will be observed that these letters do not show any general authority to secure a purchaser, but that only a sale to a particular purchaser, *i. e.,* the Progressive Paper Box Company, is contemplated. Mr. Budde Schiffenhaus is mentioned by the plaintiff, but only as representing that company. What in fact happened was that the bank and Schiffenhaus entered into negotiations which resulted in a sale to Schiffenhaus individually and not to the Progressive Company. And whatever suspicions might be entertained in regard to the transaction, there was absolutely no evidence to indicate anything but a *bona fide* sale to a party other than the one named in the correspondence as a prospective purchaser. Schiffenhaus was not called as a witness, nor was any representative of the bank. In short, there was nothing to prove that Schiffenhaus as purchaser represented anyone but himself. Plaintiff's witness Hull testified that he was dealing with Schiffenhaus as an individual; but no notice of that fact was communicated to the bank, whose letter of authority is restricted to the Progressive Company as a prospective purchaser, as we have said.

This, we think, disposes of the first count. As to the second count, based on that part of the statute relating to an oral agreement between owner and broker, and the "actual effecting of a sale" by the latter, here again there was no evidence of any oral agreement which would include Schiffenhaus as a prospective purchaser.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, JJ. 12.

*For reversal*—HEHER, PERSKIE, RAFFERTY, WALKER, JJ. 4.