FEIST AND FEIST, A CORPORATION, PLAINTIFF-APPEL-LANT, v. BLOOMFIELD BANK AND TRUST COMPANY, A CORPORATION, FRANCIS A. SCHILLING AND BUDDE SCHIFFENHAUS, DEFENDANTS-RESPONDENTS.

Argued February 5, 1941—Decided April 25, 1941.

For the plaintiff-appellant, *Schotland, Harrison & Schotland (Joseph J. Schotland,* of counsel).

For the defendants-respondents Bloomfield Bank and Trust Company and Francis A. Schilling, *Boyd & Dodd (Harold J. Brown,* on the brief, and *Ernest J. Kerr,* of counsel).

For the defendant-respondent Budde Schiffenhaus, *Samuel R. Ball (Ernest J. Kerr,* of counsel).

The opinion of the court was delivered by

PORTER, J. This appeal is from a judgment of nonsuit entered by Judge Joseph L. Smith in the Essex County Cir-

cuit Court. The action is to recover brokerage commission on the sale of a factory property from Bloomfield Bank and Trust Company, the owner, Francis A. Schilling, an officer of the bank and Budde Schiffenhaus to whom the bank, through Schilling, sold the property.

The action is based on two theories. First, it is alleged that a written contract was entered into between the plaintiff and the defendant bank for the payment of brokerage commission in the event of the sale of the property; that a purchaser was procured by it to whom the sale was made for $32,500 and that a commission of $1,625 became due, the payment of which was refused. Second it is alleged that the bank, by Schilling who acted for it, and for himself individually and Schiffenhaus did, by fraud, misrepresentations, false statements and secret dealings enter into a conspiracy in the sale and purchase of the property for the purpose of defrauding the plaintiff of its brokerage commission and to receive the same for their own benefit.

The proofs are that Schiffenhaus was vice-president of the Progressive Paper Box Company which was in need of factory space and was considering the purchase of a building; that the plaintiff as broker took Schiffenhaus to see the property of the bank in question and tried to interest him in the purchase of it. He informed the plaintiff at that time and again a few days later that the property was not suitable and he was not interested in it. The plaintiff wrote a letter to the bank under date of April 15th, 1935, advising it that the property had been shown to "Progressive Paper Box Company represented by Mr. Budde Schiffenhaus, Vice-President;" that negotiations were being had for the purchase of the property and that "our commission in case of a sale will be five per cent. of the purchase price." On April 17th, 1935, the bank, by Schilling, as vice-president, wrote to the plaintiff acknowledging the receipt of the letter and said "The commission indicated in your letter will be fully recognized in the event a sale is effected." About a month later Schiffenhaus called on Schilling at the bank and negotiated the purchase of the property for himself. He made no mention to Schilling of the Progressive Paper Box Company nor of his connection

therewith nor that he had been shown the property for that company by the plaintiff. Schilling did not connect him with the correspondence had with the plaintiff in which his name had been mentioned. Schiffenhaus said that he had known of the property previously to being shown it by the plaintiff and had secured the name of the owner from the tax collector. He informed Schilling he said from whom he had acquired the name of the owner and that there was no broker in the transaction and asked and received a reduction in the price because no commissions were to be paid.

A previous action was brought by the plaintiff for commission on this sale and also resulted in a nonsuit. That action was on the contract and was against the bank only. It was appealed to this court and resulted in an affirmance. The opinion was by Mr. Justice Parker, 120 *N. J. L.* 221, in which was said: "And whatever suspicions might be entertained in regard to the transaction, there was absolutely no evidence to indicate anything but a *bona fide* sale to a party other than the one named in the correspondence as a prospective purchaser." In the instant suit, unlike the previous one, the plaintiff called as witnesses Schiffenhaus and Schilling who testified to the facts above recited. The transaction was testified to therefore in more detail but the factual situation was not essentially different than as shown in the previous trial.

We conclude that the trial court was right in granting the motion for a nonsuit. The commission would only have become due under the terms of the agreement as shown by the letters of April 15th and 17th, 1935, above referred to if the sale had been made to the Progressive Paper Box Company. The sale was not made to it nor to Schiffenhaus acting for it. The proofs are that Schiffenhaus went into a new business venture for which he purchased the property with money furnished by his wife and that later a corporation was formed to carry on the said business and the property was conveyed to it. Moreover, the Progressive Paper Box Company was not in good financial condition at the time of the purchase of this property and has since gone into receivership.

Neither from the testimony nor from any proper inferences

to be drawn therefrom do we find any fraud or conspiracy by any of the defendants as alleged in the complaint. Compare *Resky* v. *Meyer,* 98 *N. J. L.* 168; *Baron* v. *Wisnowski,* 102 *Id.* 46; *Lough* v. *Spicer Manufacturing Co.,* 105 *Id.* 152; *Murray Appelbaum, Inc.,* v. *Bernstein,* 104 *Id.* 664; *Flaster* v. *Lincoln Tidewater Terminals,* 124 *Id.* 69; *Dubowy* v. *Bean,* 4 *N. J. Mis. R.* 290.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ.   14.

*For reversal*—HEHER, PERSKIE, JJ.   2.