10 N.J. Super. 167 (1950)
76 A.2d 837
JOHN J. BREEN, T/A BANKERS REALTY COMPANY, PLAINTIFF-RESPONDENT,
v.
ALEXANDER DEBRON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1950.
Decided November 15, 1950.
*168 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Dominick F. Pachella argued the cause for appellant (Mr. Thomas S. Clancy, attorney).
Mr. John E. Selser argued the cause for respondent (Messrs. Selser & Shenier, attorneys).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
The question presented is whether the court below erred in denying defendant's motion for dismissal.
The plaintiff, a real estate broker, sued the defendant, demanding commission for the sale of defendant's property to *169 Adeline Gallena and Louis J. Gallena. The plaintiff relied on a notice in writing which he served upon the defendant under the following provision of R.S. 25:1-9:
"Any broker or real estate agent selling or exchanging real estate pursuant to an oral agreement with the owner of such real estate, who shall actually effect such sale or exchange before such oral agreement shall have been repudiated or terminated by the owner in writing as hereinafter provided, may recover from such owner the amount of commission on such sale or exchange, if the broker or agent shall, within five days after the making of the oral agreement and prior to the actual sale or exchange of such real estate, serve upon the owner a notice in writing, setting forth the terms of the oral agreement and stating the rate or amount of commission to be paid thereunder, and if the owner shall not have repudiated or terminated the oral agreement prior to the actual sale or exchange of the real estate."
The writing relied upon was the following letter:
 "May 30, 1948.
 "Mr. Alex Debron
 "405 Aurora Avenue
 "Cliffside Park, N.J.
"Dear Mr. Debron:
"Confirming your oral authorization to sell premises known as E/S Buckingham Road, Palisade, New Jersey, at a price of $45,000., or any lesser sum you may agree to accept.
"Pursuant thereto, we have this date shown the premises to Mr. Rozen of Binghampton, New York. It is understood and agreed that if the property is sold at any time to Mr. Rozen, or anyone associated with him, or acting in his behalf or related to him by blood or marriage, you will pay the commission of 5% to the undersigned.
 "Very truly yours,
 "BANKERS REALTY
 "By: John J. Breen."
There was testimony that the actual oral agreement between the plaintiff and the defendant was a general authority to sell the property at a commission of five per cent. It was conceded that the property was not sold to "Mr. Rozen, or anyone associated with him, or acting in his behalf or related to him by blood or marriage."
The court below denied the motion to dismiss on the ground that a question of fact for the jury was presented as to whether the writing set forth terms of an oral agreement which gave *170 the plaintiff a general authority to sell at a commission rate of five per cent.
Under the statute, the notice must set forth "the terms of the oral agreement" and state "the rate or amount of commission" to be paid under the terms of the claimed oral agreement. Assuming that the plaintiff's notice in writing complies with the requirements of the statute, his right to recover commission still depends upon the terms of the agreement as set forth in his written notice. It is the oral agreement as set forth in the notice which the owner is permitted to repudiate or terminate, and upon which the broker must rely. The notice stated: "It is understood and agreed that if the property is sold at any time to Mr. Rozen, or anyone associated with him, or acting in his behalf or related to him by blood or marriage, you will pay the commission of 5% to the undersigned," and contained no other provision for the payment of commission. The language is clear and unambiguous and there was no evidence of any surrounding circumstances or usages which could create doubt of its meaning in the mind of a reasonable man. Therefore, the construction and effect of the writing was a matter of law to be determined by the court and not by the jury. Edge v. Boardwalk Securities Corp., 115 N.J.L. 286 (E. & A. 1935); Whittle v. Associated Indemnity Corp., 130 N.J.L. 576 (E. & A. 1943).
When, as here, the agreement provides that a specified commission is to be paid for sale to a particular person or persons, the broker cannot recover commission on the sale to another. Feist & Feist v. Bloomfield Bank & Trust Co., 120 N.J.L. 221 (E. & A. 1938), 126 N.J.L. 455 (E. & A. 1941). Since it was conceded that the sale was not made to any person named or described in the broker's written notice, the court below should have granted the motion to dismiss.
This conclusion makes it unnecessary to consider the other grounds for reversal urged by the defendant. The judgment is reversed with costs and the cause remanded for entry of judgment for the defendant.